IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| FIRSTMERIT BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:15-cv-01262 |
| | ) | |
| v. | ) | |
| | ) | |
| SEVERKO HRYWNAK, UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

**FIRSTMERIT BANK, N.A.'S EX PARTE
MOTION FOR APPOINTMENT OF RECEIVER**

Plaintiff FirstMerit Bank, N.A. (the "Plaintiff") by and through its attorneys, Pedersen & Houpt, P.C. and pursuant to 735 ILCS 5/15-1701 *et seq.,* moves this Court *ex parte* to appoint a receiver, to administer the real property which is the subject of this foreclosure action, and states in support as follows:

1. On February 10, 2015, the Plaintiff filed a verified complaint seeking, in addition to other relief, to foreclose commercial property located at 4958 West Irving Park Road, Chicago, Illinois 60641 (the "Mortgaged Premises") located in Cook County (the "Verified Complaint"). A copy of the Verified Complaint is attached hereto as **Exhibit A**.

2. As set forth in the Verified Complaint, on December 7, 1999, Mount Prospect National Bank ("Mount Prospect Bank") made a loan (the "Loan") to Severko Hrywnak (the "Mortgagor"), in the original principal amount of $338,419.77, as evidenced by that certain promissory note by and between the Mortgagor and Mount Prospect Bank dated July 31, 2003 and later replaced by that certain promissory note by and between the Mortgagor and Midwest Bank and Trust Company ("Midwest Bank") dated September 23, 2008 in the original principal

amount of $444,372.36 (as amended, the "Note"). A copy of the Note is attached to the Verified Complaint as Exhibit B. Among other things, the Loan and the Note are secured by a mortgage against the Mortgaged Premises, more fully described in Exhibit A to the Verified Complaint, dated December 7, 1999 by and between the Mortgagor on the one hand, and Mount Prospect Bank on the other hand. Such mortgage was modified from time to time, with the latest modification being on September 23, 2008 (as modified, the "Mortgage"). A copy of the Mortgage is attached to the Verified Complaint as Exhibit B. In addition, the Loan and Note are secured by an assignment of rents (the "AOR", and together with the Note, the Mortgage, as hereinafter defined, and other related loan documents, the "Loan Documents") whereby the Mortgagor granted Mount Prospect Bank a security interest in all rents from the Mortgaged Premises (the "Rents"). A copy of the AOR is attached to the Verified Complaint as Exhibit C.

3. As of October 1, 2007, Mount Prospect Bank was acquired by Midwest Bank. The FDIC was the legal successor, as receiver, of the assets and liabilities of Midwest Bank, pursuant to 12 U.S.C. 1821(d)(2)(A). The FDIC, as receiver, entered into a Purchase and Assumption Agreement on May 14, 2010, whereby FirstMerit Bank, N.A. ("FirstMerit" or the "Plaintiff"), purchased the Mortgage, the Note, the Loan Documents and all related loan agreements and guaranties, from the FDIC as Receiver. As such, FirstMerit is the ultimate successor, via the FDIC, of Midwest Bank's rights under the Mortgage, the Note, the Loan Documents and all related loan agreements.

4. The Mortgagor has defaulted under the terms of the Loan Documents for the reasons set forth in Paragraph 22(j) of the Verified Complaint, among others. Specifically: (i) the Note matured on September 23, 2013 and the Mortgagor has failed to pay the entire amount

due thereunder. Such failure constitutes an "Event of Default" under the operative Loan Documents.

5. Under Illinois law, a mortgagee of commercial real estate has a presumptive right to possession, and thus to appointment of a receiver during foreclosure. *Mellon Bank v. Midwest Bank & Trust Co.*, 265 Ill. App. 3d 859, 866-867; 638 N.E.2d 640, 645 (1st Dist.1993); *Travelers Ins. Co. v. Norwest Nat'l Bank*, 200 Ill. App. 3d 139, 143; 558 N.E.2d 579, 581 (2d Dist. 1990); *see also Home Life Ins. Co. v. American Nat'l Bank & Trust Co.*, 777 F.Supp. 629, 631 (N.D.Ill. 1991). A non-residential mortgagee need not allege or prove "misdeeds or omissions on the part of the mortgagors in order to be placed in possession." *Travelers Ins. Co.*, 200 Ill. App. 3d at 144; 558 N.E.2d at 582; *see Home Life Ins. Co.*, 777 F. Supp. At 631.

6. Specifically, under section 15-1702(a) of the Illinois Code of Civil Procedure, "[w]henever a mortgagee entitled to possession so requests, the court shall appoint a receiver." 735 ILCS 5/15-1702. Further, pursuant to section 15-1105 of the Illinois Mortgage Foreclosure Law, the word "shall" as used in section 15-1702(a) "means mandatory and not permissive." And under section 15-1701(b)(2), a mortgagee is entitled to possession of non-residential property prior to judgment "if (i) the mortgagee is so authorized by the terms of the mortgage…and (ii) the court is satisfied that there is a reasonable probability that the mortgagee will prevail on a final hearing of the cause." FirstMerit is entitled to the appointment of a receiver because both requirements of section 15-1701(b)(2) have been satisfied.

7. The Mortgage provides that: (i) FirstMerit has the right to be placed as mortgagee in possession or to have a receiver appointed to take possession of all or any part of the Mortgaged Premises, with the power to protect and preserve the Mortgaged Premises, to operate the Mortgaged Premises preceding foreclosure or sale, and to collect the Rents from the

Mortgaged Premises and apply the proceeds, over and above the cost of the receivership, against any outstanding indebtedness; (ii) FirstMerit or its receiver may serve without bond if permitted by law; and (iii) FirstMerit's right to the appointment of a receiver shall exist whether or not the apparent value of the Mortgaged Premises exceeds the outstanding indebtedness by a substantial amount. *See* Mortgage at page 7. Thus, FirstMerit is authorized by the terms of the Mortgage to be placed in possession of the Mortgaged Premises.

8. As to the second prong of the standard outlined above, numerous courts have held that evidence of a "proven default" under the mortgage documents establishes a reasonable probability that a mortgagee will prevail in its foreclosure case. *See e.g. Mellon Bank,* 265 Ill. App. 869; 638 N.E.2d at 646; *Home Life Insurance Co.*, 777 F.Supp. at 631.

9. In support of this motion, FirstMerit submits herewith a copy of the Verified Complaint. The Verified Complaint establishes the existence of several defaults including but not limited to the Mortgagor's failures to pay principal and interest upon maturity of the Note.

10. FirstMerit has met the two prong standard necessary to support the appointment of a receiver in this matter. FirstMerit has established that it is authorized by the Mortgage to be placed in possession of the Mortgaged Premises and has established that there is a reasonable probability that it will succeed on the merits of its foreclosure case. Thus, this Court should grant this motion.

11. By this Motion, FirstMerit requests that Joshua Joseph (the "Receiver") of Frontline Real Estate Partners LLC ("Frontline") be appointed as receiver for the Mortgaged Premises. Mr. Joseph regularly serves as a court-appointed receiver. A copy of Mr. Joseph's biography and a brief description of his experience are attached hereto in **Group Exhibit B**. Also included in **Group Exhibit B** are sample listings of Frontline's year-to-date and completed

transactions.  FirstMerit further requests that Mr. Joseph be authorized to serve without the need to post a bond.

12. FirstMerit is proposing that the Receiver be compensated for the fair and reasonable value of his services out of the proceeds from the assets, at a straight monthly rate. The Receiver's monthly rate is $1,000 per month.

13. Under 735 ILCS 5/15-1706(d), this Court is authorized to grant FirstMerit's motion ex parte, "if the [mortgagor is] in default or if the party making the request shows good cause by affidavit or other sworn evidence." In this case, FirstMerit has established that the Mortgagor is in default through the verification of both the Complaint and this Motion.

14. FirstMerit is seeking the relief requested herein on an ex parte basis. The Note has each matured and the Mortgagor is no longer making any loan payments. As such, FirstMerit's collateral continues to deteriorate daily, thus making is necessary that the Receiver be appointed to take control of the Mortgaged Premises as soon as possible.

WHEREFORE, FirstMerit respectfully requests that this Court enter an order appointing Joshua Joseph of Frontline Real Estate Partners LLC as receiver for the Mortgaged Premises, authorizing Mr. Joseph to serve as the receiver herein without posting a bond and granting FirstMerit such other and further relief as this Court deems just and appropriate.

Dated: February 23, 2015                    Respectfully Submitted,

                                            FIRSTMERIT BANK, N.A.


                                            By:    /s/  Bryan E. Minier
                                                   One of its Attorneys

Bryan E. Minier (ARDC No. 6275534)
David M. Serritella (ARDC No. 6306972)
Pedersen & Houpt, P.C.
161 N. Clark Street, Suite 2700
Chicago, Illinois 60601
Phone: (312) 261-2265
Fax:     (312) 261-1265

*(Counsel for FirstMerit Bank, N.A.)*