UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIRSTMERIT BANK, NA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 15 C 1262 |
| v. | ) |
| | ) Judge Kendall |
| SECERKO HRYWNAK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## UNITED STATES' CONDITIONAL WAIVER AND CONSENT

The United States of America, by its attorney Zachary T. Fardon, United States Attorney for the Northern District of Illinois, provides the following notice as to this case in lieu of filing an answer.

1. If the pleading served on the United States fails to set forth with particularity the nature of the interest or lien of the United States, or fails to identify a tax lien in the manner required under 28 U.S.C. § 2410(b) (requiring the inclusion of "the name and address of the taxpayer whose liability created the lien and, if a notice of the tax lien was filed, the identity of the internal revenue office which filed the notice and the date and place such notice of lien was filed"), the conditions for the statutory waiver of sovereign immunity are not met for such inadequately described or unidentified interests; and

2. If the pleading that has been served on the United States does refer to a federal lien (and contains the information required in respect to such a lien pursuant to § 2410(b)), then the United States hereby (i) alleges that the federal lien attaches to the property that is the subject of this action, (ii) agrees that the property may be sold free and clear of said lien, assuming said lien is inferior to the lien in respect to which the property is to be sold (as required by 28 U.S.C.

section 2410(c), with said lien to attach to the sale proceeds with the same effect and priority the lien had in respect to the property) *if and only if* (a) the provisions of 28 U.S.C. § 2410 are otherwise complied with; (b) the judgment of foreclosure recognizes that the United States of America has a valid and subsisting lien in the amount stated on the notice of federal lien as of the date of that notice; (c) the judgment of foreclosure, under 735 ILCS 5/15-1506(h), defers adjudicating the priority of any claimant to the premises or the proceeds of judicial sale, other than the plaintiff, until the hearing to confirm the sale; (d) the judgment of foreclosure recognizes that the United States has a right to redeem within one year of sale, except with respect to tax liens in which case the IRS has a right to redeem within 120 days of the sale; (e) the United States is notified of the sale such that it may exercise its right of redemption under § 2410(c); and (f) the United States is further notified of any surplus proceeds; and (iii) claims all proceeds left after the satisfaction of liens that are senior to the federal tax lien; and

      3.      The United States does not consent to a sale free and clear of any lien of the United States that is superior to the lien that a sale is made to satisfy. Any such consent hereafter given must be explicit and in writing.

                          Respectfully submitted,

                          ZACHARY T. FARDON
                          United States Attorney

                        By: s/ Michael J. Kelly
                            MICHAEL J. KELLY
                            Assistant United States Attorney
                            219 South Dearborn Street
                            Chicago, Illinois 60604
                            (312) 353-4220
                            michael.kelly@usdoj.gov